UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA,

    Plaintiff,

- against -

TIDEWATER EXPRESS INC.,

    Defendant.

Civil Action No. 11 CV 6419 (LLS)

**ANSWER TO COMPLAINT**

Defendant, TIDEWATER EXPRESS, INC. ( "TIDEWATER"), by its attorneys, George W. Wright & Associates, LLC, as and for an Answer to the Complaint, alleges upon information and belief as follows:

### FIRST CAUSE OF ACTION

FIRST: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint and defers all questions of law to the Court for determination.

SECOND: Admits the allegations contained in paragraph "2" of the Complaint.

THIRD: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint and defers all questions of law to the Court for determination.

FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint and defers all questions of law to the Court for determination.

FIFTH: Denies the allegations contained in paragraph "5" of the Complaint.

SIXTH: Denies the allegations contained in paragraph "6" of the Complaint.

SEVENTH: Denies the allegations contained in paragraph "7" of the Complaint.

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and defers all questions of law to the Court for determination.

NINTH: Denies the allegations contained in paragraph "9" of the Complaint.

## SECOND CAUSE OF ACTION

TENTH: TIDEWATER repeats and reiterates each and every admission, denial and denial of knowledge or information in response to the allegations in paragraphs "1" through "9" of the Complaint as if the same were set forth at length herein.

ELEVENTH: Admits that TIDEWATER received for transportation certain shipments as generally described in paragraph "5" of the Complaint, the actual or internal condition of which was unknown to defendant; but except as so specifically admitted; denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph "11" of the Complaint.

TWELFTH: Denies the allegations contained in paragraph "12" of the Complaint.

THIRTEENTH: Denies the allegations contained in paragraph "13" of the Complaint and defers all questions of law to the Court for determination.

FOURTEENTH: Denies the allegations contained in paragraph "14" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over TIDEWATER.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against TIDEWATER on which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Any state law and/or common law claims against TIDEWATER are completely preempted by federal law.

### FOURTH AFFIRMATIVE DEFENSE

TIDEWATER is entitled to all the rights, benefits, defenses and limitations of liability contained in any bill of lading, tariff, classification or other relevant agreement governing the subject shipment.

### FIFTH AFFIRMATIVE DEFENSE

Any loss of the goods as alleged in the Complaint was caused by acts of shipper, pre-shipment conditions and/or acts of third parties over whom TIDEWATER exercised no control or supervision and for whose conduct TIDEWATER has no responsibility or liability.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutory and/or contractual limitation period(s).

### SEVENTH AFFIRMATIVE DEFENSE

This action should be dismissed or transferred under the doctrine(s) of _forum non conveniens_ or improper venue.

WHEREFORE, defendant, TIDEWATER EXPRESS, INC., hereby demands judgment dismissing the Complaint with prejudice, together with attorneys fees and costs and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 30, 2011

        GEORGE W. WRIGHT & ASSOCIATES, LLC

        By: */s/ George W. Wright*
        GEORGE W. WRIGHT
        Attorneys for Defendant
        TIDEWATER EXPRESS, INC.
        88 Pine Street
        New York, NY 10005
        (201) 342-8884

TO: David L. Mazaroli, Esq.
     Attorney for Plaintiff
     11 Park Place, Suite 1214
     New York, NY 10007-2801
     (212) 267-8480

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

       GEORGE W. WRIGHT, being duly sworn, deposes and says, that deponent is not a party to this action and is over 18 years of age. That on September 30, 2011 deponent electronically filed the within Answer to Complaint with the Clerk of the United States District Court, Southern District of New York, using its CM/ECF system, and served same on the following attorneys:

    David L. Mazaroli, Esq.
    Attorney for Plaintiff
    11 Park Place, Suite 1214
    New York, NY 10007-2801
    (212) 267-8480

by depositing said copies in a postpaid, properly addressed wrapper, into an official depository under the exclusive care and custody of the United States Postal Service.

                                            _____
                                                GEORGE W. WRIGHT

Sworn to before me this
30th day of September, 2011

_____
Notary Public

    DORIS SORAN
Notary Public, State of New York
    No. 01SO4986092
Qualified in New York County
Commission Expires Sept 3, 2013